SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
ANNE HWANG (No. 223094)
Deputy Federal Public Defender
(E-mail: Anne_Hwang@fd.org)
SONJA AUGUSTIN (No. 155955)
(Email: Sonja_Augustin@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1418
Facsimile: (213) 894-0081

Attorneys for Defendant
JAMES RIVERA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES RIVERA,<br><br>        Defendant. | NO. CR 10-1160(A)-SVW<br><br>**NOTICE OF MOTION AND MOTION TO SEVER COUNTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   June 20, 2011<br>Time:   11:00 a.m. |

TO UNITED STATES ATTORNEY ANDRÉ BIROTTE AND ASSISTANTS UNITED STATES ATTORNEY JOSHUA ROBBINS AND ANTHONY BROWN :

     PLEASE TAKE NOTICE that on June 20, 2011, or as soon thereafter as the matter may be heard, defendant James Rivera, by and through his attorneys of record, Deputies Federal Public Defender Anne Hwang and Sonja Augustine, will and hereby does move for an order severing Counts 1-11 from Counts 12-16.

     This motion is made pursuant to Federal Rules of Criminal Procedure 12(b)(3), 8, and 14, and is based upon the attached memorandum of points and

/

/

authorities, all files and records in this case, and such further evidence and argument as may be presented at the hearing on this motion.

                                    Respectfully submitted,

                                    SEAN K. KENNEDY
                                    Federal Public Defender

DATED: May 23, 2011        By   */s/ Anne Hwang*
                                    ANNE HWANG
                                    Deputy Federal Public Defender

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The indictment in this case alleges two separate fraud schemes. Each alleged scheme involves different witnesses, different investors, and span different time periods. The only connection between the two alleged schemes is that James Rivera is the defendant in both. As discussed in greater detail below, because the schemes are improperly joined, the Court should sever the counts for separate trials. A severance in this case would not result in substantially more court time or resources, because the Court could conduct one trial after the other, with the only difference being the need to impanel a separate jury in between the two presentations of evidence.

## II.

## DISCUSSION

Federal Rule of Criminal Procedure 8(a) provides that two or more offenses may be charged in the same indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." *See also United States v. Holloway*, 1 F.3d 307 (9th Cir. 1993) (reversing where counts improperly joined); *United States v. Jawara*, 474 F.3d 565 (9th Cir. 2007) (finding fraud counts not of "same or similar character"). Rule 14 provides that if a defendant is prejudiced by a joinder of offenses, the Court may order a separate trial of the counts.

In this case, the two alleged fraud schemes are neither connected nor are part of the same transaction. The indictment alleges two separate schemes involving separate investors. More importantly, the inventors of the products are different, and almost all of the government's witnesses will be different for each alleged scheme. In essence, the trial will proceed as two mini-trials within one resulting in confusion of the issues and prejudice to Mr. Rivera. For this reason, little time will be saved by proceeding with one trial rather than two.

## III.
## **CONCLUSION**

For all of the reasons set forth herein, the Court should sever the counts for trial.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: May 23, 2011            By  */s/ Anne Hwang*
                                   ANNE HWANG
                                   Deputy Federal Public Defender